IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEVERLY AGEE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv305-A |
| ) | (WO) |
| ) | |
| ASSOCIATES FIRST CAPITAL , ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand or in the Alternative for Abstention and Remand (Doc #7), filed by a group of 390 Plaintiffs ("Plaintiffs").[1]

Plaintiffs originally filed a Complaint in this case on April 4, 2005 in the District Court of Lowndes County, Alabama alleging several causes of action arising under state law against multiple defendants. Associates First Capital Corporation ("Associates"), Citigroup, Inc., Associates Financial Services Corporation, First Family Financial Services, ("First Family"), TranSouth Financial Corporation ("TranSouth"), and TranSouth Mortgage Corporation were all named as defendants (collectively "Defendants"). Specifically, Plaintiffs allege that Defendants

---

[1] Beverly Agee is the first named Plaintiff. Citing the permissive joinder provisions of Alabama law, an additional 389 individuals allege the same type of state law claims against the Defendants. The Alabama version of rule 20 differs from Fed. R. Civ. P. 20 only in the omission of a parenthetical phrase dealing with joinder in admiralty in rem cases. Compare Ala. R. Civ. P. 20, with Fed. R. Civ. P. 20. Plaintiff Curtis Davis is alleged to be a resident of Lowndes County, for venue purposes.

are liable for intentional misrepresentation and/or fraud, misrepresentation by concealment and fraud, negligent misrepresentation, negligence and/or gross negligence, negligent supervision and training, civil conspiracy, and violations of the Alabama Deceptive Trade Practices Act.

On April 4, 2005 the Defendants removed this case to the United States District Court for the Middle District of Alabama contending that this court has subject matter jurisdiction pursuant to the bankruptcy removal provisions contained in 28 U.S.C. §§ 1334 and 1452. Plaintiffs filed this timely motion to remand or abstain on May 10, 2005.  For reasons to be discussed, the motion is due to be GRANTED.

## II.  FACTS

Each of the individual Plaintiffs received consumer loans from one or more of the Defendants.  Plaintiffs allege that upon closing the loans, Defendants made various misrepresentations regarding the necessity for Plaintiffs to purchase insurance products in order to qualify for the loan and that Defendants failed to disclose that Defendants' employees would receive commissions as compensation for the sale of the insurance.  Plaintiffs claim that these alleged predatory lending practices violate a number of Alabama common law and statutory provisions.

Defendants' Notice of Removal to federal court is based on the fact that 59 of the 390 Plaintiffs have previously sought, or are currently seeking, bankruptcy protection.  All 59 bring pre-petition claims, or claims that accrued prior to the filing and/or closing of their bankruptcy

cases.[2]  Forty-three (43) of the 59 bankruptcy cases had been either discharged or dismissed when the instant case was filed, leaving 16 bankruptcy cases currently pending.

### III.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  See Kokkonen, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  See Burns, 31 F.3d at 1095.

### IV.  DISCUSSION

In order to minimize the confusion that is inherent in bankruptcy removal cases, it is a good idea to stick to an established analytical framework.  One that has proven effective requires the court to address the following questions in order: (1) Does subject matter jurisdiction exist? (2) If so, should that jurisdiction be exercised or is abstention or remand appropriate?  (3) If jurisdiction is to be exercised should it be exercised by the federal district court or by the bankruptcy court?  Appleby, et al. v. Citigroup, Inc., et al., No. CIV.A 05-00134-CB-B, 2005 WL 1587885 (S.D. Ala. July 6, 2005) (adopting the analytical framework set forth in In re

---

[2]Twenty Plaintiffs filed Chapter 7 petitions, thirty-eight filed under Chapter 13, and one filed under Chapter 7 then converted to Chapter 13.

Royal, 197 B.R. 341 (Bankr. N.D. Ala. 1996)).  Appleby is very similar to this case and is considered favorably by this court.

**A. Subject Matter Jurisdiction**

Defendants argue that this court has original jurisdiction over all 380 Plaintiffs joined in the case citing 28 U.S.C. § 1334 which provides:

> (a)  Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
> (b)  Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. 1334.  Defendants also allege that because the court has jurisdiction under 28 U.S.C. § 1334, removal is proper under 28 U.S.C. § 1452 which states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452.

There are three categories of proceedings which would provide this court with jurisdiction: those which (1) arise under title 11; (2) arise in a case under title 11; or (3) are related to a case under title 11.

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code," Carter v. Rodgers, 220 F.3d 1249, 1253 (11th Cir. 2000),  involving a "cause of action created or determined by a statutory provision of title 11."  In re Harris, 298 B.R. 897, 900 (Bankr. M.D. Ala. 2003) (quoting Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir. 1995)).   Here, all of Plaintiffs' claims spring directly from consumer loan

4

transactions with the Defendants. These claims are created by state law and do not invoke "substantive rights" set forth by the bankruptcy code. This action does not "arise under" title 11.

"Arising in" proceedings are "generally thought to involve "administrative type matters...that could arise only in bankruptcy." Carter, 220 F.3d at 1253. "In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." In re Harris, 298 B.R. at 900 (quoting Maitland, 44 F.3d at 1435). This case clearly does not fall within the "arise in" category. The state claims raised are more than capable of existing independent of any bankruptcy case. Indeed, 330 of the Plaintiffs' claims in this case have no connection whatsoever to any bankruptcy case. The remaining claims also are predicated on state law and would exist with or without a bankruptcy filing.

The facts in this case lend themselves to analysis under the final category of "related to" jurisdiction. "In order for the bankruptcy court to exercise [related to] subject matter jurisdiction over a dispute...some nexus between the civil proceeding and the title 11 case must exist." In re Munford, 97 F.3d 449, 453 (11th Cir. 1996). "The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (quoting Pacor, Inc. V. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). An action is related to bankruptcy if the outcome could alter the debtors' rights, liabilities, options, freedom of action, or the administration of the bankrupt estate. Lemco Gypsum, 910 F.2d at 788.

There are 390 total Plaintiffs in this case, but in the context of bankruptcy jurisdiction there are really three separate groups of Plaintiffs and each must be analyzed separately.

First, "related to" jurisdiction exists for the sixteen Plaintiffs who are currently involved in some form of pending bankruptcy case.[3] Plaintiffs are asking for damages, a successful outcome would provide income that could be distributed to creditors, and this would certainly have an effect on the administration of the estate. If the pre-petition claims have not been listed as claims of the estate, they are due to be asserted in amended schedules. Appleby, 2005 WL 1587885 at *2.

The second group of Plaintiffs that must be accounted for are the 43 whose bankruptcy cases were closed when the instant case was filed. Defendant argues that the mere fact that these Plaintiffs had pre-petition claims means that those claims become a property interest of the bankruptcy estate, closed or not. Plaintiffs argue that once the estate is closed any income generated from the state claims will have no impact on the estate because there is no estate to impact. Neither is exactly correct.[4] To determine "related to" jurisdiction for this group of Plaintiffs, each individual Plaintiff's circumstances must be evaluated in order to know whether the case could be reopened to administer any recovery. See 11 U.S.C. § 350(b) (bankruptcy case

---

[3]Plaintiffs do not contest that this court would have "related to" jurisdiction over those individuals with pending bankruptcy cases. (Pl.'s Reply Br. 10).

[4]Property of the estate is defined broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The parties do not dispute that the claims became property of the bankruptcy estates when the bankruptcy cases were filed. The issue is whether they remained property of the estates after the cases were closed. See 11 U.S.C. § 554. The Defendants' argument blurs this distinction. The Plaintiffs' argument presumes that a closed case can not be reopened for the administration of unscheduled assets of the estate. That presumption is incorrect as will be discussed infra.

can be reopened "to administer assets, to accord relief to the debtor, or for other cause.") Generally, bankruptcy courts are given wide discretion on whether or not to reopen a particular case. In re Apex Oil Company, Inc., 406 F.3d 538, 542 (8th Cir. 2005) (affirming that "it is within the bankruptcy court's discretion to base its decision to re-open on the particular circumstances and equities of each particular case."); In re Case, 937 F.2d 1014, 1018 (5th Cir. 1991) ("The phrase "or other cause" as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown."). Assuming that some of the 43 bankruptcy cases mentioned could be reopened, then it is conceivable that the Plaintiffs' state law claims could eventually affect the estate, meaning that "related to" jurisdiction would exist in this court. Of course the flip side of this argument is that there are situations where it is improper to reopen a bankruptcy case. For instance, if a Chapter 13 debtor had voluntarily dismissed the case,[5] or if the case had closed with all creditors paid in full, the case would remain closed and any judgment in the instant case would have no effect on the estate, thereby preventing "related to" jurisdiction. In situations where the case could not be reopened there is no way for a judgement to have any impact. Without a more detailed look at each of these 43 bankruptcy cases, which is beyond the scope of this memorandum opinion, it is impossible to make a determination of whether or not they could be reopened and in turn whether a judgment in this case could conceivably impact the estate and lead to "related to" jurisdiction.

---

[5] A chapter 13 debtor has an absolute right to voluntarily dismiss his case if the case has not converted from another chapter. 11 U.S.C. § 1307(b).

Finally, as to the 330 Plaintiffs who have not been involved in bankruptcy proceedings, Defendants argue that there is "related to" jurisdiction because those Plaintiffs have elected to join with the other Plaintiffs in the same suit. Therefore, they say, the claims obviously are "related." This, however, ignores the clear language of § 1452, upon which Defendants based their removal. That statute allows removal of "any claim or cause of action <u>in</u> a civil action . . . if the district court "has jurisdiction of <u>such</u> <u>claim</u> or cause of action under section 1334 of this title." It is the <u>claims</u> of each of these 330 Plaintiffs over which this court must have § 1334 jurisdiction for their claims to be removed, and this must be determined on the basis of whether their claims relate to cases under Title 11. While their claims are similar to the state law claims of the other Plaintiffs, and therefore might be considered to relate to the state law claims under some usage of the term, and in a common sense way because these Plaintiffs have chosen to join as Plaintiffs in the same suit as the others[6], they do not "relate to" the other Plaintiffs' bankruptcy cases since, win or lose, the outcome of their personal state law claims against the Defendants can have no effect on the estates of others being (or having been) administered in bankruptcy.

For that reason, this court would have no § 1334 jurisdiction over these 330 claims and, consequently, their claims cannot be removed under the bankruptcy removal statute, § 1452. <u>See</u> <u>Retirement Sys. of Alabama v. Merrill Lynch & Co.</u>, 209 F.Supp.2d 1257, 1264 (M.D.Ala. 2002) (discussing § 1452 removal in the context of removal by fewer than all defendants.) Since the court will abstain and remand the claims of the other Plaintiffs, there is no need to discuss

---

[6] The court makes no determination that such joinder is proper or whether the claims should be severed into separate suits.

Defendants' alternative contention that the court should exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

In summary, this court would have "related to" bankruptcy jurisdiction over the Plaintiffs who currently have pending bankruptcy cases. As for the Plaintiffs whose bankruptcy cases had been closed before this action was filed, the court would need to examine each individual case to see if it could be reopened for the further administration which in turn would provide this court with subject matter jurisdiction. Finally, the 330 Plaintiffs with no connection to bankruptcy cases were improperly removed under 28 U.S.C. § 1452 and this court does not have subject matter jurisdiction over them.

**B. Abstention and Remand**

Having determined that subject matter jurisdiction exists for at least some of the Plaintiffs, the next step in the analytical framework is to decide whether to exercise that jurisdiction over these claims. For the reasons discussed below, this court chooses to exercise its discretion to abstain under the permissive abstention provision of § 1334, and to remand under § 1452(b).

Section 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1452(b) provides:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1334(c)(1) speaks only in general, overarching terms of "justice" and "comity," while lacking specific guidance for how to determine whether abstention is warranted. Over time, courts have developed the following set of considerations:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

Retirement Systems of Alabama, 209 F.Supp. at 1267-68 (citing Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993)). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." Matter of Chicago, 6 F.3d at 1189. All of the factors listed above are not relevant to this case, but those that are relevant are included in the discussion below. This court concludes that the predominance of state law, the remote nature of any bankruptcy issues, and the risk of competing federal and state court proceedings concerning the same issues overwhelmingly tips the balance in favor of abstention and remand.

"Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court at least where there is no basis for federal jurisdiction independent of section 1334(b)..." In re Norrell, 198 B.R. 987 (Bankr. N.D. Ala. 1996)

10

Here, the sole federal jurisdictional basis for these claims is 28 U.S.C. § 1334(b) and the bankruptcy nexus that exists is remote at best. The only tie between the predominant state law claims and a few of the Plaintiffs' bankruptcy estates is the potential that money from a judgment or settlement may find its way to the estates. Because the nexus is so remote, abstention and remand in this case will have no effect on the administration of any of the bankruptcy estates. It makes no difference to the Plaintiff/debtor's bankruptcy estates whether a judgment or settlement comes from state or federal court.[7]

One of the primary concerns of 28 U.S.C. § 1334(c)(1) is "comity and respect for state law." Cassidy v. Wyeth-Ayerst Laboratories, 42 F. Supp. 2d 1260, 1263 (M.D. Ala. 1999). It is a well settled cornerstone of federal abstention doctrine that "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett v. First National Bank of Gainseville, 117 F.3d 1342, 1353 (11th Cir. 1997) (citing Hardy v. Birmingham Bd. Of Educ., 954 F.2d 1546, 1553 (11th Cir. 1992)). As noted above, this is a state tort case that just happens to have some potential bankruptcy issues in the distant background, and those issues will only be triggered if the Plaintiffs receive a favorable judgment. If and when those issues arise, an appropriate forum can resolve them. It is true that on the surface, the state law issues presented do not appear to be difficult or complex, however this court is willing to recognize that state courts routinely hear state law issues and are likely in a better position to resolve those issues. Hatcher v. Lloyd's of London, 204 B.R. 227, 233 (M.D. Ala. 1997). "[A]t the risk of stating the obvious, state courts

---

[7]"[A] chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." Katchen v. Landy, 382 U.S. 323, 329 (1966). There is no reason presented why proceeding on the state claims in state court and not federal court would interfere with the administration of the bankruptcy estates that would be affected.

have greater expertise in issues of state law." Appleby, 2005 WL 1587885, at *3 n.6.  It is prudent to let an Alabama state court hear the Alabama state law claims that make up the whole of this case.

As detailed above, this court would only have subject matter jurisdiction over a small portion of the current group of 390 Plaintiffs.  At least 330 of those Plaintiffs (the non-debtor Plaintiffs) would have their claims severed and would be required to take their cases to state court.  If this court did not remand the case to state court, it would lead to concurrent state and federal court proceedings to decide very similar cases, which, of course, would be a waste of judicial resources and would create the potential for inconsistent results.

Also, for the same reasons discussed by Judge Butler in the similar case of Appleby, the court finds that equitable considerations weigh heavily in favor of remand.  As the court did in that case, this court would remand this case on equitable grounds even if it had found that jurisdiction existed as to the 330 Plaintiffs who have had no bankruptcy proceedings of their own.

## IV.  CONCLUSION

Because abstention and remand are appropriate, there is no need to determine whether the case should remain in federal district court or be transferred to bankruptcy court.

For the reasons stated above, the motion is due to be GRANTED.  A separate order will be entered in accordance with this memorandum opinion.

DONE this 28th day of September 2005.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE